# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONCE, *et al.* | Case No. 1:21-cv-01291-BAM (PC) |
| Plaintiffs, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE, REDESIGNATE AS CIVIL ACTION, UPDATE PLAINTIFFS' MAILING ADDRESSES AND PERSON NUMBERS |
| v. | |
| WASHBURN, *et al.*, | |
| Defendants. | FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND PARTIES AS DUPLICATIVE<br>(ECF No. 1) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiffs David Ponce, Anthony Barker, Jesse Gomez, Rene Luna, and James Wallace ("Plaintiffs") are pretrial detainees proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated on August 25, 2021.  (ECF No. 1.)  Plaintiffs have not filed applications to proceed *in forma pauperis* or paid the $402.00 filing fee for this action.

As discussed below, the Court finds that Claims I, II, III, and V of this action are duplicative of prior cases filed by Plaintiffs Ponce, Barker, Gomez, and Wallace, and the duplicative claims and parties be dismissed from this action.

**I.   Plaintiffs' Allegations**

Plaintiffs Ponce, Barker, Gomez, Luna, and Wallace are all currently pretrial detainees incarcerated at the Kings County Jail in Hanford, California.  Plaintiffs name the following

1

Defendants: (1) Officer Washburn, Lemoore Police Department; (2) Officer Josh Chavez, Hanford Police Department; (3) Officer Acosta, Lemoore Police Department; (4) Office Scandura, Hanford Police Department; (5) Officer Loll, Kings County Sheriff's Department; (6) Officer Gomez, Kings County Sheriff's Department; (7) Hanford Police Department; (8) Lemoore Police Department; (9) Kings County Sheriff's Department.  The allegations in the complaint involve five separate incidents involving each Plaintiff individually, though Plaintiffs purport to bring a class action on behalf of other pretrial detainees against the police in Kings County.  The allegations in the complaint are as follows:

### Claim I

On 3/22/21 Plaintiff D. Ponce was violently attacked by Officer and K9 dog. Defendant Scandura was in the wrong by his illegal search, seizure and detaining of Mr. Ponce.  Plaintiff suffered over 62 dog bites from the K9.  Plaintiff did not deserve to have his person treated cruel and unusually.

### Claim II

On 1/8/21 Plaintiff J. Gomez suffered an extreme attack by K9 dog that resulted in the loss of his pinky finger, due to excessive force by police brutality.  This blatant acts of cruel & unusual punishment is unexcusable and therefore violates Plaintiff's rights.

### Claim III

On 5/11/21 Plaintiff A. Barker suffered a viscious attack by K9 dog under Officer Washburn's authority.  Plaintiff asserts there was any merit for K9 to be used the way it was.  Plaintiff was already apprehended when dog attacked him.  The K9 tore into his tendons on left leg taking bites/chunks of leg while in the process.  This act was in violation of the Plaintiff's constitutional rights.

### Claim IV

On 2/23/21 Plaintiff R. Luna was a victim of police brutality by Officers Loll and Gomez of the Kings County Sheriff's Department.  Let it be known that Plaintiff had/has a intestinal problem that he was suffering from while officers kneed/punched/kicked Plaintiff while in a prone position.  These officers violated Mr. Luna's constitutional rights clearly.  It was so brutal it made the headline news.

///

///

Claim V

On 7/28/21 Plaintiff J. Wallace was also a victim of police brutality, by excessive force. Officer Acosta of Lemoore Police Department tazed Mr. Wallace while Plaintiff was already down in a defenseless prone position. This act by the Department was and is unexcusable.

(ECF No. 1, pp. 2–3 (unedited text).)

## II.     Duplicative Actions

### A.     Pending Actions[1]

#### 1.     **Plaintiff David Ponce**

Plaintiff Ponce has filed two prior actions whose allegations are nearly identical to, or include, the allegations in Claim I of this action.

a.   *Ponce I*

On July 2, 2021, Plaintiff Ponce filed *Ponce v. Hanford Police Dep't K-9 Unit*, No. 1:21-cv-01045-DAD-BAM ("*Ponce I*"). On August 9, 2021, the Court granted leave to file an amended complaint. (*Ponce I*, Screening Order Granting Plaintiff Leave to File Am. Compl., Docket No. 4.) Plaintiff filed a first amended complaint on August 9, 2021. (*Ponce I*, First Am. Compl., Docket No. 5.) The Court screened the first amended complaint and granted leave to file an amended complaint on August 24, 2021. (*Ponce I*, Second Screening Order Granting Leave to Amend, Docket No. 8.)

In the first amended complaint, Plaintiff names the Hanford Police Department and Office Scandura as defendants and alleges that on March 22, 2021 he was illegally searched by a police officer after the officer let the K9 dog go on him for no reason. Plaintiff further alleges that he suffered over 62 bites and has K9 teeth marks (scars) as a result of this illegal search and seizure. (*Ponce I*, First Am. Compl., Docket No. 5.)

///

///

---

[1] The Court properly may take judicial notice of court filings. *See Revn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). The Court takes judicial notice of the prior actions filed by Plaintiffs, as discussed in this section.

b.      *Ponce II*

On July 22, 2021, Plaintiff Ponce filed *Ponce v. Hanford Police Dep't K-9 Unit*, No. 1:21-cv-01110-AWI-BAM ("*Ponce II*").  In the complaint, Plaintiff alleges that on March 22, 2021, he was sitting at a bus stop when a peace officer K-9 unit pulled up and asked him if his name as David Ponce.  Plaintiff stood up and said yes, and without warning the officer released his K-9 dog.  After the K-9 took Plaintiff down, the peach officer started kicking Plaintiff in the back of the head.  Plaintiff alleges that he has over 62 dog teeth that ripped through his flesh.  (*Ponce II*, Compl., Docket No. 1.)

### 2.     **Plaintiff Jesse Gomez**

On August 2, 2021, Plaintiff Gomez filed *Gomez v. Kings Cty. Sherrif Dep't*, No. 1:21-cv-01170-NONE-BAM ("*Gomez*").  In the complaint, Plaintiff Gomez alleges that on or around January 7, 2021 through January 17, 2021, he was attacked by a K9 dog and during the attack his right pinky finger was bitten completely off.  (*Gomez*, Compl., Docket No. 1.)  The claims raised in *Gomez* are nearly identical to the allegations in Claim II of this action.

### 3.     **Plaintiff Anthony Barker**

On August 2, 2021, Plaintiff Barker filed *Barker v. Washburn*, No. 1:21-cv-01169-NONE-SAB ("*Barker*").  In the complaint, Plaintiff Barker alleges that on May 11, 2021, he was attacked by K9 Officer Washburn's dog while already apprehended by the Sheriff's officers of Lemoore.  (*Barker*, Compl., Docket No. 1.)  The claims raised in *Barker* are nearly identical to the allegations in Claim III of this action.

### 4.     **Plaintiff James Wallace**

On August 23, 2021, Plaintiff Wallace filed *Wallace v. Lemoore PD*, No. 1:21-cv-01275-DAD-EPG ("*Wallace*").  In the complaint, Plaintiff Wallace alleges that on July 28, 2021, he suffered a variety of injuries and police brutality brought on by the Lemoore Police Department, specifically Officer Acosta.  Plaintiff alleges that he was already detained in cuffs and apprehended by authorities when he was pinned to the floor and tazed.  (*Wallace*, Compl., Docket No. 1.)  The claims raised in *Wallace* are nearly identical to the allegations in Claim V of this action.

4

**B.    Legal Standard**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; *see also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

**C.    Discussion**

As described above, Claims I, II, III, and V in this action are nearly identical to the claims raised by Plaintiffs Ponce, Gomez, Barker, and Wallace in *Ponce I*, *Ponce II*, *Gomez, Barker*, and *Wallace*. The same defendants are named, and the same facts are alleged regarding the dates and incidents at issue for each Plaintiff's claim. To the extent the facts differ, it appears that the prior actions include additional allegations not present in the instant case.

Therefore, the Court finds that Claims I, II, III, and V in this case are duplicative of Plaintiffs' prior current pending cases because the claims, parties, and requested relief do not

significantly differ between the actions. The Court will recommend that the duplicative claims and parties—defendants and plaintiffs—be dismissed from this action.

### III. Person Numbers and Mailing Addresses

The Court notes that although Plaintiffs have all signed the complaint, only Plaintiff Ponce has included a person number and a mailing address. However, the complaint indicates that all Plaintiffs are inmates housed at the Kings County Jail. The Court therefore takes judicial notice of the Kings County Jail's Inmate Locator[2] and will direct the Clerk of Court to update the person number and mailing address for each Plaintiff when serving these findings and recommendations.

### IV. Redesignate as Civil Action

In addition, upon further review by the Court, it has also been determined that the present action is a regular civil action and does not involve a prisoner or detainee litigating the conditions of his confinement. Accordingly, this case will be redesignated as a civil action.

### V. Order and Recommendation

Based on the foregoing, the Clerk of the Court is HEREBY ORDERED to:

1. Randomly assign a district judge to this action;
2. Re-designate this action as a civil action with nature of suit 440;
3. Designate the case number in this action as follows: Case No. 1:21-cv-01291-BAM;
4. Update all Plaintiffs' mailing addresses to: Kings County Jail (Hanford), P.O. Box 1699, Hanford, California 93230; and
5. Update Plaintiffs Barker, Gomez, Luna, and Wallace's person numbers as follows:
    a. Anthony Barker, H-1035662
    b. Jesse Gomez, H-1003491
    c. Rene Luna, H-1007862
    d. James Wallace, H-1039658

---

[2] The Court may take judicial notice of public information stored on the Kings County Inmate Locator website. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute).

\* \* \*

Furthermore, it is HEREBY RECOMMENDED that:

1. Claims I, II, III, and V be dismissed from this action as duplicative;
2. Plaintiffs David Ponce, Anthony Barker, Jesse Gomez, and James Wallace be dismissed from this action as duplicative; and
3. Defendants Washburn, Chavez, Acosta, Scandura, Hanford Police Department, and Lemoore Police Department be dismissed from this action as duplicative.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 8, 2021**            /s/ Barbara A. McAuliffe           _
                                                     UNITED STATES MAGISTRATE JUDGE