UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE LUNA,<br><br>            Plaintiff,<br><br>      v.<br><br>OFFICER LOLL; and OFFICER GOMEZ.,<br><br>            Defendants. | Case No.  1:21-cv-01291-AWI-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO BE APPOINTED COUNSEL**<br><br>(Docs. 11, 14) |

    Plaintiff Rene Luna is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  On December 20, 2021 and on January 5, 202, Plaintiff filed the two motions requesting that the court appoint him counsel in this action.  (Docs. 11, 14.)  Plaintiff explains that he is an indigent inmate with limited resources and supplies as an attorney.  (Doc. 14. at 1.)

    Plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a

1

reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. His indigent status and incarceration are not sufficient to make this case exceptional. This court is faced with similar cases almost daily from indigent, incarcerated plaintiffs alleging excessive force. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. There also is no indication from the record that Plaintiff is unable to articulate his claims pro se.

Accordingly, Plaintiff's motions for the appointment of counsel are HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 7, 2022**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE