# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE LUNA, JR., | Case No. 1:21-cv-01291-AWI-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| OFFICER LOLL, et al., | (Doc. 20) |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Rene Luna, Jr. ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On March 28, 2022, the Court screened Plaintiff's first amended complaint and granted him leave to file an amended complaint. (Doc. 19.) Plaintiff's second amended complaint, filed on April 14, 2022, is currently before the Court for screening. (Doc. 20.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Wasco State Prison.  The events in the complaint are alleged to have occurred in Lemoore, California, prior to Plaintiff's incarceration.  Plaintiff names the following defendants:  (1) Officer Loll; (2) Officer Gomez; and (3) Kings County Sheriff Department.  In his sole claim, Plaintiff asserts a claim for excessive force.  He alleges as follows:

> On 2/23/21 at approximately 6:30 am, I Plaintiff Rene Luna was urinating in alley between Bush and Vine St in Lemoore, Ca.  Plaintiff was relieving himself in private.  I saw a police car and led them on a chase.  However, I voluntarily stopped fleeing, parked and exited my car.  I saw an officer (Defendant Loll) approximately 30 feet away and I took 3 to 4 steps toward him to surrender myself.  As I placed my hands out in front of me and began to lie prone, I was tackled by Defendant Loll and simultaneously he kneed me in the head around my right temple.  Once on the ground, Loll repeatedly struck my head and upper body with his fist—all while I was prone on the ground with my hands stretched out in front of my body in an effort to submit to the authority of the arrest peacefully ….  After the initial barrage of blows, Loll disengaged, stood up, but only to jump on me again and strike my head area over and over.  I made no attempt to resist.  In fact, Loll kept shouting "stop resisting" and I replied "I'm not resisting," but my words nor actions had any effect on Loll as if he had made up his mind to beat me no matter what I did or said.  At some point, Officer Gomez joined in punching me while I lied prone and

> unresisting on the ground.  I do not know how many times I was struck, since the initial knee strike to my temple left me dazed and confused.  What I do recall, vividly, is that I was surrendering and not resisting at all.  This all was eye witnessed by friend and family also on Facebook live and on Fox 26 news.

(Doc. 20 at 3-4) (unedited text).  Plaintiff seeks compensatory and punitive damages.  (*Id.* at 5.)

### III.     Discussion

#### A.     Kings County Sheriff Department

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir.1987)).

The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a sheriff department is "person" under § 1983 and a proper defendant for § 1983 claims. *See Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-cv-0678-JAM-KJN PS, 2021 WL 2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983 claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue of whether a sheriff's department or police department is a separately suable entity).  However, certain courts have found that a sheriff's department or police department may be sued as a "person" under § 1983.  *See*, *e.g.*, *Estate of Osuna v. Cty. of Stanislaus*, 392 F.Supp.3d 1162, 1172 n. 2 (E.D. Cal. 2019) (concluding that sheriff's departments and police departments are "persons" within the meaning of § 1983); *Estate of Pimentel v. City of Ceres*, No: 1:18-cv-01203-DAD-EPG, 2019 WL 2598697, at *2-*3 (E.D. Cal. Jun. 25, 2019) (rejecting argument that Ceres Police Department is not a "person" within meaning of § 1983; denying defendants' motion for judgment with respect to plaintiff's claims against Ceres Police Department).

Under section 1983, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691.  Generally, a

claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007.

As with his first amended complaint, Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by the Kings County Sheriff Department.  Despite being provided with the relevant pleading and legal standard, Plaintiff has been unable to cure this deficiency.  Further leave to amend this claim is not warranted.

**B.    Excessive Force**

A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; *see Graham v. Connor*, 490 U.S. 386, 394 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), cert. denied, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

At the pleading stage, the Court finds that Plaintiff states a cognizable claim for excessive force in violation of the Fourth Amendment against Defendants Loll and Gomez.

**IV.     Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's second amended complaint states a cognizable claim against Defendants Loll and Gomez for excessive force in violation of the Fourth Amendment, but fails to state any other cognizable claim against any other defendant.

Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1.     This action proceed on Plaintiff's second amended complaint, filed on April 14, 2022, against Officers Loll and Gomez of the Kings County Sheriff's Department for excessive force in violation of the Fourth Amendment; and

2.     All other claims and defendants be dismissed from this action, without prejudice, based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 19, 2022**               /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE