UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE LUNA, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER LOLL, et al.,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01291-AWI-BAM<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 33) |

　　　　Plaintiff Rene Luna, Jr., is a former county jail inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.  On September 28, 2022, Plaintiff filed a notice informing the Court of his release from the Bob Wiley Detention Facility and updating his address.  (Doc. 33.)  Plaintiff's notice also included a request for appointment of legal counsel to represent him in this case.  (*Id.*)

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel

only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  His indigent pro se status is not sufficient to make this case exceptional. This court is faced with similar cases almost daily from indigent, pro se plaintiffs asserting civil rights claims.  Further, at this stage in the proceedings, there is no indication from the record that Plaintiff is unable to articulate his claims pro se.  Plaintiff has stated a cognizable claim for relief and this action proceeds on Plaintiff's second amended complaint against Officers Loll and Gomez for excessive force in violation of the Fourth Amendment.

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 29, 2022**          /s/ Barbara A. McAuliffe          
                                            UNITED STATES MAGISTRATE JUDGE